UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**JEREMI J. FONTENOT**              :          CIVIL ACTION NO. 16-cv-584

**VERSUS**                          :          JUDGE MINALDI

**HUDSON INSURANCE CO. ET AL.**     :          MAGISTRATE JUDGE KAY

REPORT AND RECOMMENDATION

Before the court is a Motion to Remand [doc. 8] filed on May 27, 2016 by plaintiff Jeremi J. Fontenot ("Fontenot") in response to a Notice of Removal [doc. 1] filed on April 28, 2016, by defendant Hudson Insurance Company ("Hudson"). The defendants oppose the motion [doc. 10]. For the reasons stated below, **IT IS RECOMMENDED** that the Motion to Remand be **DENIED.**

I.
BACKGROUND

On June 21, 2015, Fontenot was injured when his vehicle was rear-ended by a vehicle driven by defendant William Rodolfo Gonzalez ("Gonzalez"). Doc. 1, att. 1, pp. 1–2. On December 17, 2015, Fontenot filed a petition for damages against Gonzalez, Gulf Winds International, Inc. ("Gulf Winds"),[1] and Hudson in the 14th Judicial District Court, Calcasieu Parish, Louisiana. *Id.* at 1. Fontenot's state court petition did not claim a specific amount of damages, but did state that the injuries he received from the crash had caused damages in excess of $50,000. *Id.* The petition alleged that Fontenot had suffered severe injuries to his entire body, including severe injuries to his neck, back, and head; severe head injury and trauma; severe

---

[1] Gulf Winds was the alleged owner of the vehicle driven by Gonzalez. Doc. 1, att. 1, p. 1. All claims against Gulf Winds were dismissed in state court. Doc. 2, att. 2, p. 25.

nervous shock; and aggravation of any pre-existing conditions. *Id.* at 3. It further stated that Fontenot had required "extensive medical attention" and that the injuries left him "unable to engage in his regular activities from the date of this accident until the present time, such condition to continue for an indefinite future period of time." *Id.* He sought damages for medical expenses, past lost wages and future impairment of earnings capacity, physical and mental pain and suffering, and loss of enjoyment and quality of life. *Id.*

Gonzalez was served with the petition on December 26, 2015, and Hudson on December 30, 2015. Doc. 2, att. 2, pp. 18–20; *id.* at 33. On April 14, 2016, Fontenot submitted answers to interrogatories propounded by Hudson and Gonzales. Doc. 1, att. 1, pp. 6–18. There he stated that the damages sought exceeded $75,000, exclusive of interests and costs. *Id.* at 7.

Hudson then filed a notice of removal to this court on April 28, 2016, alleging federal jurisdiction under 28 U.S.C. § 1332 based on complete diversity of the parties and an amount in controversy exceeding $75,000. Doc. 1. Fontenot now moves to remand, arguing that the defendants should have been aware that the amount in controversy exceeded $75,000 from the allegations in his state court petition. Doc. 8, att. 1. Because the defendants did not remove the case within 30 days of service, Fontenot contends that the removal is time-barred. *Id.*

## II.
### LAW & ANALYSIS

Any civil action brought in a State court of which the district courts have original jurisdiction may be removed to the proper district court. 28 U.S.C. § 1441(a). District courts have original jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). The removing party bears the burden of showing that removal was procedurally proper and that federal jurisdiction exists. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). With respect

to the amount in controversy, a defendant may meet this burden by either (1) showing that it is facially apparent that the amount in controversy exceeds $75,000 or (2) setting forth facts in its removal petition that support a finding of the same. *Luckett v. Delta Airlines*, 171 F.3d 295, 298 (5th Cir. 1999).

Generally, a defendant must file a notice of removal to federal court within 30 days of the time the defendant receives an "initial pleading setting forth the claim for relief." 28 U.S.C. § 1446(b)(1). For cases where removal is sought under § 1332, however, the 30 day period starts to run from receipt of the pleading "only when that pleading affirmatively reveals on its face that the pleading is seeking damages in excess of the jurisdictional amount of the federal court." *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992). When the initial pleadings do not provide grounds for removal, defendants may file its notice of removal within 30 days of receiving "an amended pleading, motion, or **other paper** from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3) (emphasis added).

Louisiana law forbids plaintiffs in state courts from pleading a specific numerical value of damages. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000) (citing LA. CODE CIV. P. art. 893). However, the prayer for relief should specify whether there is a lack of federal jurisdiction due to insufficiency of damages. LA. CODE CIV. P. art. 893(A)(1). If no such specification is made, the defendant may establish the amount in controversy by interrogatory. *Id.*

Fontenot maintains that damages in excess of $75,000 were facially apparent from the petition. To this end he relies on *Century Assets Corp. v. Solow*, where the Eastern District of Texas held that a state court petition seeking ownership of an LLC plainly revealed that the amount in controversy exceeded $75,000. 88 F.Supp.2d 659, 662 (E.D. Tex. 2000). He also cites *Napier v. Humana Marketpoint, Inc.*, in which the Northern District of Texas determined that the amount

in controversy was sufficiently apparent from the initial pleading in the plaintiff's wrongful termination suit based on the categories of damages sought and a review of previous employment discrimination suits. 826 F.Supp.2d 984, 988–89 (N.D. Tex. 2011). These cases do reflect the majority rule in this circuit, that *Chapman*'s holding does not amount to "a 'head in the sand' rule," with which this district agrees.[2] *Id.* at 988 (quoting *Capturion Network, LLC v. Daktronics, Inc.*, 2009 WL 151026, *3 (S.D. Miss. May 29, 2009)); *see Wise v. Bayer*, 281 F.Supp.2d 878, 884–85 (W.D. La. 2003). However, the Fifth Circuit also emphasizes that *Chapman*'s holding

> sought to promote efficiency by preventing courts from expending copious time determining what a defendant should have known or have been able to ascertain at the time of the initial pleading. Moreover, the *Chapman* court wanted to avoid encouraging defendants to remove cases prematurely for fear of accidentally letting the thirty-day window to federal court close when it is unclear that the initial pleading satisfies the amount in controversy.

*Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 399 (5th Cir. 2013) (citations omitted).

The first possible indications of the amount in controversy came from the general, self-serving assertions in the complaint. The complaint contained no details on the extent of Fontenot's lost wage claims or medical treatment, such as what his employment was or whether he had required surgery or hospitalization. Because Fontenot only stated that the damages exceeded $50,000, the defendants properly sought confirmation of whether the amount in controversy exceeded $75,000. Accordingly, Fontenot's response to the interrogatory can fairly serve as the first notice that federal jurisdiction exists and the removal was therefore timely.

---

[2] The plaintiff also alleges that that the Supreme Court's holding in *Dart Cherokee Basin Operating Co. v. Owens*, 135 S.Ct. 547 (2014) alters the Fifth Circuit's framework for determining whether the amount in controversy is apparent. *Dart* dealt with whether, in cases where a certain amount in controversy was required to establish federal jurisdiction, the notice of removal must include evidence of the amount in controversy. 135 S.Ct. at 551–52. The Court then determined that the notice of removal need only include "a plausible allegation" that the jurisdictional threshold is met, and that evidence of the amount in controversy would only be required when this factor was contested. *Id.* at 554. Accordingly, *Dart* is inapposite to the issue before us and offers no basis for altering our analysis under *Chapman*.

### III.
#### CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that Fontenot's Motion to Remand [doc. 8] be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE this 6th day of July, 2016.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE