UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| JEREMI J. FONTENOT | : | CIVIL ACTION NO. 16-584 |
| VERSUS | : | UNASSIGNED DISTRICT JUDGE |
| HUDSON INSURANCE GROUP, ET AL | : | MAGISTRATE JUDGE KAY |

**REPORT AND RECOMMENDATION**

Before the court is a Motion for Partial Summary Judgment filed by plaintiff Jeremi J. Fontenot ("Fontenot"). Doc. 19. Defendant William Rodolfo Gonzalez ("Gonzalez") does not oppose the motion. For the reasons that follow it is recommended that the motion be GRANTED.

**I.**
**BACKGROUND**

Fontenot alleges he was injured on June 21, 2015 when his vehicle was rear-ended by a vehicle driven by Gonzalez. Doc. 1, att. 1, pp. 1–2. He filed suit in the 14th Judicial District Court, Calcasieu Parish, Louisiana, against Gonzalez, Gulf Winds International Inc., and Hudson Insurance Group[1]. The suit was removed to this court on April 28, 2016 on the basis of diversity jurisdiction. Doc. 1.

In the motion pending before the court Fontenot contends that he is entitled to a partial summary judgment on the issue of liability of the defendant Gonzalez. In support of his motion Fontenot submits a "List of Uncontested Facts" which provides:

> 1. A motor vehicle crash occurred on June 21, 2015 in the southbound land of Highway 27 in Calcasieu Parish, Louisiana, involving a 2010 Freightliner tractor-trailer driven by William

---
[1] Gulf Winds International, Inc. was the alleged owner of the vehicle that Gonzalez was driving. All claims against Gulf Winds were dismissed in state court. Doc. 2, att. 2, p. 25.

> Rodolfo Gonzalez and a 1996 Toyota Corolla driven by Jeremi J. Fontenot.
>
> 2. The crash occurred when the front of the 2010 Freightliner tractor-trailer crashed into the rear of the 1996 Toyota Corolla, which was stopped waiting for northbound traffic to clear to turn left onto Rigmaiden Cemetery Drive.
>
> 3. William Rodolfo Gonzales was served with numerous Requests for Admissions of Fact on October 27, 2016 regarding facts surrounding liability and defenses, and he failed to respond to said requests within thirty (30) days as required by law.

Doc. 19, att. 1. Gonzales has not filed an opposition to the motion for partial summary judgment; rather, Gonzales has filed a "Stipulation as to Liability" wherein he concedes liability for the accident and consents to the stipulation being entered. Doc. 22.

## II.
### LAW AND ANALYSIS

Summary judgment shall be granted when the pleadings and supporting evidence, including the opposing party's affidavits, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). The moving party is initially responsible for demonstrating the reasons justifying the motion for summary judgment by identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact for trial. *Tubacex, Inc. v. M/V Risan,* 45 F.3d 951, 954 (5th Cir.1995)(citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant satisfies this burden, the nonmoving party must "designate specific facts showing that there is a genuine issue for trial." *Id.* (quoting *Celotex* 477 U.S. at 323).

In determining whether to grant a motion for summary judgment, the motion "cannot be granted simply because there is no opposition, even if the failure to oppose violated a local rule." *Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima,* 776 F.2d 1277, 1279 (5th Cir.1985) (citing *John v. La. (Bd. of Trustees for State Colleges & Universities),* 757 F.2d 698, 709 (5th Cir.1985)). The burden is on the mover to establish "the absence of a genuine issue of material fact

and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed." *Id.*

Where the nonmoving party has not responded, the Local Rules for the Western District of Louisiana provide that "[a]ll material facts set forth in the statement required to be served by the moving party will be deemed admitted, for the purposes of the motion, unless controverted as required by this rule." LR 56.2.

Here, since Gonzales did not file an opposition, the "List of Uncontested Facts" submitted by Fontenot is deemed admitted as true. We must still however determine whether Fontenot's motion has merit, that is, whether he has established that there is no genuine dispute of a material fact and that he is entitled to judgment as a matter of law.

Gonzales' failure to respond to Requests for Admission deem the following facts admitted[2]:

1. Gonzales was driving a Freightliner tractor-trailer on June 21, 2015 and was involved in a motor vehicle accident in Calcasieu Parish, Louisiana.

2. Gonzales' tractor-trailer struck the rear of the Fontenot's vehicle.

3. Gonzales was driving in excess of the speed limit and there was nothing obstructing his view of Fontenot's vehicle.

4. Fontenot's break lights were on at the time of the accident.

5. Gonzales failed to take evasive action to avoid the accident and did not apply his breaks until after the impact with the rear of Fontenot's vehicle.

6. No one other than Gonzales was responsible for the accident.

---

[2] The uncontested facts establish that Gonzalez failed to respond to Fontenot's requests for admission. "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3).

Doc. 19, att. 5.

As Fontenot points out, under Louisiana law, a following motorist in a rear-end collision is presumed negligent. *Mart v. Hill*, 505 So.2d 1120, 1123 (La. 1987). A following motorist may rebut the presumption by demonstrating that he "had his car under control, closely observed the preceding vehicle, and followed at a safe distance under the circumstance, or by proving that the driver of the lead car negligently created a hazard which the following motorist could not reasonably avoid." *Menard v. Federated Mut. Ins. Co.*, 906 So.2d 746, 749 (La.App. 3 Cir. 6/22/2005)(citations omitted).

The evidence before the court clearly shows that Gonzalez is at fault in causing this accident. There is no evidence that would exonerate Gonzalez from liability and Gonzalez's stipulation makes it clear that he does not contest liability. For these reasons, we recommend that Fontenot's motion be granted.

## III.
### CONCLUSION

For the reasons stated, it is recommended that the Motion for Partial Summary Judgment on the issue of liability [doc. 19] be **GRANTED**.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.**

THUS DONE AND SIGNED in Chambers this 23rd day of August, 2017.

KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE