# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JEREMI J. FONTENOT** | : | **DOCKET NO. 2:16-cv-584** |
| **VERSUS** | : | **UNASSIGNED DISTRICT JUDGE** |
| **WILLIAM RODOLFO GONZALEZ, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the court is a Motion in Limine [doc. 26] filed by plaintiff Jeremi J. Fontenot ("Fontenot"), seeking to prohibit William Rodolfo Gonzalez ("Gonzalez") and Hudson Insurance Company ("Hudson) (collectively, "defendants") from mentioning or introducing any evidence on certain topics at trial. Defendants oppose the motion, and Fontenot has filed a reply. Docs. 34, 38.

## I.
### BACKGROUND

This action relates to a motor vehicle accident between Fontenot and Gonzalez on June 21, 2015, in Calcasieu Parish, Louisiana. Doc. 1, att. 1, pp. 1–2. Fontenot filed suit in the Fourteenth Judicial District, Calcasieu Parish, Louisiana, and Hudson subsequently removed the action to this court on the basis of federal diversity jurisdiction, 28 U.S.C. § 1332. Doc. 1, att. 1, pp. 1–4; doc. 1. On September 14, 2017, the court granted Fontenot's unopposed motion for partial summary judgment on the issue of liability. Doc. 25; *see* docs. 19, 22 (motion and response). Accordingly, it is settled that the subject accident was due to Gonzalez's negligence and the only issue to be decided at trial in this matter is the amount of damages owed to Fontenot.

# II.
## LAW & APPLICATION

Under Rule 104(a) of the Federal Rules of Evidence, "[t]he court must decide any preliminary questions about whether a witness is qualified, a privilege exists, or evidence is admissible. In so deciding, the court is not bound by evidence rules, except those on privilege."

Fontenot brings this motion to exclude evidence or mention of the following topics at trial: 1) his prior arrests and misdemeanor conviction; 2) his prior drug and alcohol usage; 3) evidence not made known during discovery; 4) the fact that Fontenot retained an attorney shortly after the accident; 5) the fact that Fontenot's medical bills have been paid; 6) the fact that any award is not taxable under federal and state income tax laws; 7) Fontenot's failure to call anyone on his witness list; 8) attorney file documents; 9) financial impact to defendants of an adverse verdict; 10) probable testimony of an absent witness; and 11) the fact that Fontenot has filed this motion. Defendants oppose the motion in all respects. Doc. 34.

### A. *Prior arrests and conviction*

Fontenot admits that he pleaded guilty to a misdemeanor charge of attempted possession of drug paraphernalia in the Fourteenth Judicial District Court, Calcasieu Parish, Louisiana, on July 28, 2015. Doc. 26, att. 1, p. 1. The parties also state that he has been arrested as a result of disagreements with his father. *Id.*; doc. 34, pp. 1–2. Fontenot argues that evidence of the arrests and conviction should be excluded under Federal Rule of Evidence 609 and because its probative value is substantially outweighed by the potential for prejudice, under Rule 403.

Rule 609 sets the limits on uses of a criminal conviction to attack a witness's character for truthfulness, and provides generally that a criminal conviction may not be used for that purpose unless it is a felony or the court can readily determine from the elements that it involved a dishonest

act or false statement. FED. R. EVID. 609(a). The defendants contend, however, that they would not seek to introduce this evidence to attack Fontenot's credibility. Doc. 34, p. 4. Instead, they would use it to refute his allegations that his injuries in the accident have led to behavioral difficulties, by showing that his behavioral issues (as expressed through fights with his father) preceded the accident. *Id.*

Accordingly, this portion of the motion should be analyzed under Rule 404(b), which allows evidence of prior wrongdoings for purposes other than proving the person's character in order to show that he acted in conformity with that character. FED. R. EVID. 404(b)(1). However, evidence of a prior bad act may be admissible "for another purpose."[1] *Id.* at 404(b)(2). In such cases the court must first determine whether the evidence is relevant to an issue other than character, and then ensure that its probative value is not substantially outweighed by its potential for undue prejudice. *United States v. Cervantes*, 706 F.3d 603, 615 (5th Cir. 2013).

Here the defendants argue that the prior bad acts are admissible to rebut a damages claim. They do not provide any citation for their allegation that behavioral problems are part of Fontenot's claimed damages. *See* doc. 34, p. 4. However, Fontenot's complaint shows that he has alleged injuries including "[s]evere head injuries and trauma" and "[s]evere nervous shock." Doc. 1, att. 1, p. 3. He also claims damages for, inter alia, "physical and mental pain, suffering, discomfort, anxiety, distress, disability, disfigurement and inconvenience." *Id.* In his interrogatory answers, Fontenot listed three treating psychologists as possible witnesses and admitted that he has been prescribed several medications since the accident, including sedatives and antidepressants.[2] *Id.* at

---

[1] The other purposes identified in the rule are illustrative rather than exclusive. *Romain v. Governor's Office of Homeland Sec.*, 2017 WL 2438844 at *1 (M.D. La. Jun. 6, 2017) (citing *Cervantes*, 706 F.3d at 615).
[2] Fontenot's pretrial statement lists one of his treating psychologists as a witness and an expert report from that doctor as an exhibit. Doc. 28, p. 3. It also mentions that Fontenot has sought psychological treatment and claims damages for past and future mental pain and suffering. *Id.* at 1.

12–14. Thus, as defendants argue, arrests relating to arguments with a family member, introduced to show that Fontenot's psychological issues preceded the accident, are both relevant to this issue and sufficiently probative to outweigh the potential for prejudice. Defendants have not met their burden, however, with regard to Fontenot's misdemeanor drug conviction, as they fail to show that it is sufficiently related to their claims of pre-accident behavioral problems.

Accordingly, this portion of the motion is **DENIED** as to Fontenot's arrests and **GRANTED** as to his misdemeanor conviction, subject to any limitations the trial court may wish to place on references to or examination on the arrests in order to guard against their improper use as character evidence.

### B. Prior drug and alcohol use

Fontenot also seeks to exclude any evidence of his drug and alcohol abuse, to which he apparently admitted at a deposition. Doc. 26, att. 1, p. 2. Defendants state that Fontenot has admitted to abusing alcohol and specific types of drugs and that he now alleges he is experiencing specific symptoms, which they argue are more likely a result of his substance use than the injuries he sustained in the accident. Doc. 34, pp. 4–5. However, defendants do not provide any proof of these admissions and claims. *See id.* "When the relevance of evidence depends on whether a fact exists, proof must be introduced sufficient to support a finding that the fact does exist." FED. R. EVID. 104(b). Under this rule, the court "may admit the proposed evidence on the condition that the proof be introduced later." *Id.*

Fontenot contends that the defense has not retained an expert, required an independent medical examination, or deposed Fontenot's treating medical professionals. Doc. 38, pp. 2–3. However, the cause of Fontenot's alleged mental suffering is highly relevant to the question of damages, and defendants may still bring this issue to light through cross-examination.

Accordingly, the probative value of Fontenot's substance use appears to outweigh its potential for prejudice and the motion is **DENIED**.

### C. *Evidence not made known*

Fontenot urges this court to make a preemptive ruling against any reference before the jury to evidence not produced in discovery or deemed admissible by the court. Doc. 26, att. 1, p. 3. Defense counsel states that he has no intent to mislead the jury or attempt to introduce any evidence not already exchanged with plaintiff. Doc. 34, p. 5. However, he reserves his right to point out any documents that he discovers plaintiff has concealed. *Id.* Accordingly, we decline to rule on this request as there appears to be no issue in controversy. This subject will be addressed directly by the trial judge if called upon to do so.

### D. *Time of retaining an attorney*

Fontenot states that the defense "will likely attempt to portray [him] as litigious because [he] retained an attorney shortly after this accident." Doc. 26, att. 1, p. 3. He argues that the probative value of such information is substantially outweighed by its potential for prejudice, and thus seeks the exclusion of any questions on this topic. *Id.* at 3–4. He also seeks to prohibit defense counsel from making anti-lawyer or anti-lawsuit references or comments before the jury. *Id.* at 4.

Prejudicial remarks before the jury about lawyers and lawsuits are obviously improper. As to the other portion of this request, defendants state that while the timing of retaining an attorney might ordinarily be irrelevant, it is probative in this case based on their argument that Fontenot is "attempting to use the legal system for the purpose of falsifying injuries for pecuniary gain." Doc. 34, pp. 5–6. However, their response does not provide any substantiated facts from which we could hold that Fontenot is a special case such that his decision to retain counsel should be placed at issue. Accordingly, Fontenot's motion is **GRANTED**.

### E. *Payment of medical bills*

Fontenot seeks to exclude any reference to his medical bills having been paid as such information might confuse the jury as to whether he is still entitled to compensatory damages for those treatments. Defendants maintain this fact is relevant by alleging that Fontenot "has treated this case as giving him an open checkbook," and asserting that if he were required to pay the medical bills himself, he would not be incurring these costs. Doc. 34, pp. 6–7.

Defendants have the right to attempt to rebut the reasonableness of Fontenot's medical bills, but they must do so through proper and admissible evidence. *Johnson v. 21st Century Centennial Ins. Co.*, 2016 WL 4471887 at *3 (S.D. Miss. Aug. 24, 2016). Evidence of attorney payment of medical bills is irrelevant and inadmissible, and should be excluded at trial. *See, e.g.*, *Kie v. Williams*, 2016 WL 6208692 at *3 (W.D. La. Oct. 23, 2016) (citing *Howard v. Offshore Liftboats, LLC*, 2016 WL 232241 at *3 (E.D. La. Jan. 19, 2016)). Accordingly, the motion is **GRANTED**.

### F. *Awards not being taxable*

Fontenot seeks to exclude any reference to the fact that any award he receives will not be taxed as income. Defendants contend that "the jury should have a right to know the law on that issue" so as "[t]o avoid any confusion." Doc. 34, pp. 7–8. However, defendants do not demonstrate the relevance of this law to any issue before the court. Given the likelihood that such information, if introduced, could confuse the jury or be used as another tactic of awakening anti-lawsuit sentiments, the motion is **GRANTED**.

### G. Failure to call a witness

Fontenot requests that the court bar any reference by the defense to witnesses he does not call at trial. Defendants argue that Fontenot will not call certain witnesses within his control to call, as they possess adverse information about him, and that these witnesses might evade service or disregard a subpoena if called by the defense. Doc. 34, p. 8. Fontenot maintains that neither he nor his attorneys will do "anything to prevent properly subpoenaed witnesses from appearing at trial." Doc. 38, p. 4.

Generally, **where there is no explanation** for the absence of a witness that is "peculiarly available" to one party in a civil case, counsel may properly comment on that party's failure to call the witness.³ *E.g.*, *Auto Owners Ins. Co. v. Bass*, 684 F.2d 764, 769 (11th Cir. 1982) (citing *United States v. Certain Land in City of Fort Worth, Tex.*, 414 F.2d 1026, 1028 (5th Cir. 1969)). Here, we cannot evaluate the explanation for the absence of these witnesses, if indeed they will manage to evade a subpoena by defendants, until trial. Accordingly, this issue is too prospective to merit a ruling. It will instead be handled by the trial court should the subject arise at trial.

### H. Attorney file documents

Fontenot argues that defense counsel "should not be allowed, in the presence of the jury, to request from plaintiff's counsel documents that are contained in his file," as this could lead the jury to believe that plaintiff's counsel has something to hide. Doc. 26, att. 1, p. 5. Defense counsel states that "[i]t is not anticipated that this will occur, because it is believed and assumed that the plaintiff has complied with his discovery obligations." Doc. 34, p. 8.

---

³ *See Harry v. Safeway Stores, Inc.*, 215 F.Supp. 324, 326 (D.D.C.1963) ("When a missing witness would thus substantially aid in developing the truth at the trial, and when such witness was peculiarly available to one of the parties, then the jury should be permitted to infer that such witness would have testified unfavorably to such party unless the absence of the witness is satisfactorily explained. This is a salutary rule which helps to assure the presence at the trial of all witness who have relevant testimony.")

What we will order with respect to this issue is that both parties follow ordinary, proper courtroom decorum and not address each other at all when court is in session whether in the presence of the jury or not.

### I. *Ability to pay*

Fontenot asserts that any argument by defense counsel on the financial "hurt" defendants will incur from the judgment should be excluded. Defendants respond that they have no intention of raising such an argument, but reserve their right to counter any arguments made by plaintiff about their ability to pay. The parties agree that the defendants' ability to satisfy a judgment is not relevant to any issue before this court. Accordingly, we decline to rule on this request as there appears to be no issue in controversy. This subject will be handled by the trial court if it should arise at trial.

### J. *Probable testimony of an absent witness*

Fontenot also seeks to exclude any comment on the probable testimony of absent witnesses. Where counsel is permitted to comment on the absence of a witness peculiarly available to the other side, supra, his argument may also indicate that if the witness had testified, his testimony would have been unfavorable to the other side. *Sylla-Sawdon v. Uniroyal Goodrich Tire Co.*, 47 F.3d 277, 285–86 (8th Cir. 1995). As above, we cannot determine the particular inferences permitted by a witness's absence when no witness has yet proven absent. Accordingly, this issue is too prospective to merit a ruling. It will instead be handled by the trial court should the subject arise at trial.

### K. *The fact of this motion*

Finally, Fontenot requests that any reference to the fact that this motion was made be excluded. The defendants respond that they have no intention of doing so, and would only mention

this motion in the context of refuting any argument by Fontenot that he has not sought to exclude any evidence. Accordingly, we decline to rule on this request as there appears to be no issue in controversy. This subject will be handled if it arises at trial.

## III.
### CONCLUSION

For the foregoing reasons, the Motion in Limine [doc. 26] is **GRANTED IN PART** and **DENIED IN PART** as described above.

THUS DONE this 7th day of November, 2017.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE