## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JEREMI J. FONTENOT** | * | **CIVIL ACTION NO. 2:16-CV-00584** |
| *Plaintiff* | * | |
| | * | **JUDGE (UNDESIGNATED)** |
| **VS.** | * | |
| | * | |
| **WILLIAM RODOLFO GONZALEZ** | * | **MAGISTRATE JUDGE KAY** |
| *Defendant* | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFF'S FRCP 72 OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION RELATIVE TO PLAINTIFF'S MOTION IN LIMINE**

**NOW INTO COURT**, through undersigned counsel, comes plaintiff, **JEREMI J. FONTENOT**, who, pursuant to FRCP 72, respectfully objects to the Report and Recommendation of the Magistrate Judge Kay [Rec. Doc. 39], relative to plaintiff's Motion *in Limine* [Rec. Doc. 26], which objections are as follows:

### I. ARRESTS

Plaintiff objects to the introduction of evidence of any arrests.

### A.  MISDEMEANOR ARREST AND SUMMONS

The only time plaintiff was arrested was for possession of drug paraphernalia, which arrest resulted in a plea to attempted possession of drug paraphernalia.  As is usual in such situations, Jeremi Fontenot was not taken, nor booked. Rather, there was a summons issued for this misdemeanor charge. Magistrate Judge Kay granted plaintiff's motion *in limine* relative to the misdemeanor conviction. While it is not clear from the ruling, it is submitted that evidence of the arrest, or summons, which lead to that conviction should also be excluded. Plaintiff objects to ruling of the Magistrate should it be interpreted as allowing any

evidence of the arrest or summons which lead to the misdemeanor conviction being introduced.

### B. ALLEGED ARREST FOR ARGUMENTS

In her ruling, Judge Kay stated:

> Thus, as defendants argue, arrests relating to arguments with a family member, introduced to show that Fontenot's psychological issues precede the accident, are both relevant to this issue and sufficiently probative to outweigh the potential for prejudice.

In fact, there were no arrests relating to, or resulting from, arguments with a family member. While the police were called to Jeremi Fontenot's father's home on two occasions due to an argument, there was no arrest nor charges filed against anyone relative to those arguments. Plaintiff objects to the Magistrates ruling allowing evidence of alleged arrests related to arguments. Defendants have produced no proof that any such arrest even occurred.

### II. PRIOR DRUG AND ALCOHOL USE

Defendant has not retained any expert to testify relative to the effect of drug use on plaintiff's medical condition. Even if relevant, evidence should be excluded if the probative value is substantially outweighed by its prejudicial effect. Illegal drug usage is highly prejudicial, and it is submitted that in the absence of evidence as to causation, there should be no indication to the jury that plaintiff has engaged in such conduct.

In her denial of plaintiff's motion *in limine* on this point, the Magistrate described defendant's argument as follows:

> Defendants state that Fontenot has admitted to abusing alcohol and specific types of drugs and that he now alleges he is experiencing specific symptoms, which they argue are more likely a result of his substance use than the injuries he sustained in the accident.

The Magistrate acknowledges that defendant has presented no evidence to support that argument, and that defendant has not retained any expert to provide testimony on this issue. Nonetheless, the Magistrate, relying on FED. R. EVID. 104(b) found that evidence of drug usage could be brought out on cross-examination. It is submitted that such highly prejudicial evidence should not be mentioned to the jury unless there is first expert testimony as to causation. Plaintiff objects to the ruling of the Magistrate that such evidence can be brought out on cross examination without first there being a foundation established through expert testimony.

**WHEREFORE, PLAINTIFF, JEREMI J. FONTENOT, PRAYS** that this Honorable Court review and reconsider the rulings of the Magistrate in this matter on the issue identified and described above, and that plaintiff's motion *in limine* be granted on those issues, prohibiting defendant, **WILLIAM RODOLFO GONZALEZ**, from mentioning or indicating before the jury that plaintiff has ever been arrested or charged with criminal conduct, or from mentioning or indicating before the jury that plaintiff has used illegal drugs. Plaintiff further prays for full, just and equitable relief.

Respectfully submitted:

**HOFFOSS DEVALL, LLC**

*s/ J. Lee Hoffoss, Jr.*
J. LEE HOFFOSS, JR. (29254)
DONALD W. MCKNIGHT (10042)
517 West College Street
Lake Charles, Louisiana 70605
Telephone:  (337) 433-2053
Facsimile:  (337) 433-2055
ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a copy of the above and foregoing Plaintiff's Objection to Magistrates Rulings on Plaintiff's Motion *in Limine* has been forwarded to all known counsel of record through the CM/ECF System of the United States District Court for the Western District of Louisiana.

    Lake Charles, Louisiana, this 21st day of November, 2017.


                               *s/ J. Lee Hoffoss, Jr.*
                               J. LEE HOFFOSS, JR.