UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| JEREMI J. FONTENOT | * | CIVIL ACTION NO. 2:16-CV-584 |
| --- | --- | --- |
| v. | * | |
| | * | UNASSIGNED DISTRICT JUDGE |
| HUDSON INSURANCE GROUP, ET AL. | * | |
| | * | MAGISTRATE JUDGE KAY |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM ORDER

Before the Court is an appeal of the magistrate judge's order on Plaintiff Jeremi J. Fontenot's ("Fontenot") Motion *in Limine*, in which Fontenot sought to exclude certain categories of evidence at trial. [Docs. ## 39 (order) and 40 (appeal)]. Defendants William Rodolfo Gonzalez ("Gonzalez") and Hudson Insurance Co. ("Hudson") (collectively "Defendants") filed a response in opposition. [Doc. #43]. Plaintiff filed a reply thereto. [Doc. #44]. For the reasons set forth below, the magistrate judge's order [Doc. #39] is **AFFIRMED IN PART AND REVERSED IN PART**.

Any party may appeal a magistrate judge's ruling on a nondispositive pretrial matter to a district court judge under Federal Rule of Civil Procedure 72(a) and Local Rule 74.1. A pretrial matter is not dispositive if it does not dispose of a party's claim or defense. *See* Fed. R. Civ. P. 72(a). Fontenot's appeal concerns nondispositive, evidentiary issues properly before the Court under Rule 72(a). A district court may reconsider a magistrate judge's ruling where it is shown to be "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *see also Alphonse v. Arch Bay Holdings*, 618 F. App'x 765, 768 (5th Cir. 2015). The Court reviews a magistrate judge's legal conclusions *de novo*, and factual findings for clear error. *See Sabre Indus., Inc. v. Module X Sols., LLC*, No. 15-2501, 2017 WL 4128317, at *1 (W.D. La. Sept. 18, 2017).

1

First, Fontenot claims that it is unclear whether the magistrate judge excluded evidence of the arrest and summons that led to his misdemeanor conviction, because his motion was denied "as to Fontenot's arrests" but granted as to the misdemeanor conviction. [Doc. #39, p. 4]. Fontenot argues that such evidence should be excluded for the same reasons that the conviction should be excluded, and objects to any mention of the arrest and summons leading to the misdemeanor conviction. [Doc. #40-1, pp. 2-3]. In response, Defendants claim that evidence of the arrest is relevant to show that Fontenot concealed his drug abuse and arrest history from his doctors, on whom Fontenot will rely at trial to show that his behavior and emotional problems are causally related to this case's underlying motor vehicle accident. [Doc. #43, p. 8]. To clarify, Fontenot's motion as to the misdemeanor drug conviction was granted, because Defendants failed to show that it is sufficiently related to their claims of pre-accident behavioral problems. *Id.* Based on the sound reasoning of the magistrate judge, it is clear to this Court, and the Court hereby confirms, that any evidence of the related arrest and summons should be, and hereby is, excluded as well.[1]

Next, Fontenot objects to the magistrate judge's ruling insofar as it would allow the admission of evidence of arrests related to arguments with a family member, given that there are no arrests that relate to, or have resulted from, any such arguments. [Doc. #40, p. 2]. Defendants fail to contest this point. *See* Doc. #39, pp. 1-7, Exh. F (referencing only the arrest related to the misdemeanor drug conviction and attaching Fontenot's police records, showing no other arrests).

---

[1] The Court notes that Defendants seem to be raising a new argument as to the intended purpose of such evidence. *See* Rec. Doc. 34, p. 4 ("[Fontenot's] arrests are relevant to allow the jury to know that [his] irresponsibility and mistreatment of his family members began long before the accident.... The relevance of the arrests is not to show he is incredible[.]"); *but see* Rec. Doc. 43, p. 8 ("[Fontenot's] drug use and arrest record and his lying about it demonstrate bad faith incurrence of medical treatment to fabricate the claim he is making."). The Defendants' response to the appeal of the magistrate judge's ruling is not the proper vehicle in which to raise new, substantive arguments; therefore, the Court declines to consider the grounds for admission now being urged by Defendants.

2

Relying on the parties' briefs as proof of the existence of such arrests,[2] the magistrate judge found that "arrests relating to arguments with a family member, introduced to show that Fontenot's psychological issues preceded the accident, are both relevant to this issue and sufficiently probative to outweigh the potential for prejudice." [Doc. #39, p. 4]. In support of his motion *in limine*, Fontenot did not explicitly state whether arguments with his father ever led to any arrests, and he generally moved to prohibit Defendants from introducing evidence of "any arrest, conviction, or guilty plea by plaintiff." [Doc. #26, p. 1]. Further, Fontenot stated: "according to the records provided by defendant, the other incidents involving plaintiff where the police were called were arguments with his father. There was [sic] no charges filed relative to those arguments." [Doc. #26-1, p. 1].

Curiously, in their memorandum in opposition, Defendants stated: "[Fontenot's] behavior has been so inconsiderate, violent, and irresponsible, that his father has resorted to calling the sheriff for protection, leading to [Fontenot's] arrest." [Doc. #34, p. 2]. Defendants made no attempt to clarify that Fontenot's arrest was related to drugs rather than his behavior towards his father. Defendants further stated:

> Mr. Fontenot seeks to avoid the jury knowing about his prior arrests
> .... The plaintiff's arrests are to refute his allegations that his behavioral difficulties have been caused by and arose after this accident .... The plaintiff would like to attribute his behavioral and emotional problems to the accident, but they are no different than the type [sic] behavior in which he was engaging before the accident. It is that same behavior that led to his own father having him arrested prior to the accident. His arrests are relevant to allow the jury to know that Mr. Fontenot's irresponsibility and mistreatment of his family members began long before the accident. His arrests demonstrate that his own father needed police protection before the accident occurred, and that his current outbursts are no different than what he did in the past. The relevance of the arrests is not to show he is incredible, but to demonstrate that the accident is

---

[2] Doc. #39, p. 2 (citing Docs. ## 26-1, p. 1; and 34, pp. 1-2).

3

>not the cause of his current bad behavior as he complained to the
>health care providers.

*Id.* at 4. Thus, it is clear that Defendants intended to lead the magistrate judge to falsely conclude that Fontenot had been arrested multiple times and that at least some of his arrests were related to arguments with his father. Unfortunately, Fontenot did not dispute Defendants' characterizations in his reply memorandum. *See* Rec. Doc. 38, pp. 1-2. As a result of the confusion in the record, the magistrate judge denied Fontenot's motion insofar as he sought to exclude such evidence.

In response to Fontenot's instant appeal, Defendants have now introduced "a copy of Jeremi Fontenot's police records," which fail to show any arrests related to arguments with his father. [Doc. #43, p. 5, Exh. F]. Likewise, Defendants' briefing fails to address Fontenot's claim that no such arrests exist. *See* Doc. #43-6. Rather, as discussed *supra*, Defendants reference only the arrest leading to the misdemeanor drug conviction. Based on the briefing and police records now before this Court, it appears to be undisputed that Fontenot was never arrested in connection with any arguments with his father. Accordingly, the magistrate judge's ruling [Doc. #39] is reversed as to Fontenot's arrests, and the motion *in limine* [Doc. #26] is granted as to any mention of arrests relating to arguments with his father, as no such arrests exist.[3]

Finally, Fontenot objects to the magistrate judge's failure to exclude evidence of his drug and alcohol abuse. [Doc. #40, pp. 2-3]. The magistrate judge found that "the cause of Fontenot's alleged mental suffering is highly relevant to the question of damages, and [D]efendants may still bring this issue to light through cross-examination[,]" despite Defendants' failure to retain an expert, require an independent medical examination, or depose Fontenot's medical professionals. [Doc. #39, p. 4]. Fontenot challenges whether evidence of any illegal drug use may be brought out

---

[3] The Court notes that Defendants' representations, and their later silence in response to Fontenot's clarifications in the instant appeal, as they relate to Fontenot's arrest record and any arguments with his father, may have violated Federal Rule of Civil Procedure 11(b)(3), such that sanctions may be warranted under Rule 11(c).

on cross-examination without Defendants first offering expert testimony to establish that "drug and alcohol use is more probable than not to cause plaintiff's symptoms." *Id.* at 5. In the alternative, Fontenot requests that the Court hold a hearing, outside the presence of the jury, to establish a foundation for any such testimony. Fontenot provides no legal authority to show that the magistrate judge's ruling is contrary to law. In light of the deposition excerpts, which provide sufficient foundation to allow Defendants to explore this topic through cross-examination, the Court affirms the magistrate judge's ruling. In doing so, the Court is not foreclosing appropriate trial objections, as they may be, or become, necessary.

Accordingly, upon due consideration of Fontenot's appeal [Doc. #40], the magistrate judge's order [Doc. #39] is hereby **AFFIRMED IN PART AND REVERSED IN PART**, as explained herein.

Shreveport, Louisiana, this 21st day of December, 2017.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE